**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

JOSE RICARDO MONGE AVILES,

                Petitioner,

    v.

JESSICA SAGE, et al.,

                Respondents.

CIVIL ACTION NO. 3:26-CV-00301

(MEHALCHICK, J.)

## ORDER

Before the Court is Petitioner Jose Ricardo Monge Aviles's ("Aviles") emergency motion to extend injunction against transfer. (Doc. 11). On February 6, 2026, Aviles filed a petition for writ of habeas corpus seeking the Court to release him from custody and enjoin his removal to a third country until he receives a reasonable fear interview. (Doc. 1). On May 22, 2026, the Court denied Aviles's request for an injunction of removal to a third country for lack of jurisdiction and denied Aviles's request for relief from detention without prejudice to file another habeas petition with the Court showing removal was not reasonably foreseeable. (Doc. 9; Doc. 10). In his emergency motion, Aviles provides that on May 25, 2026, he was transferred from FCI Lewisburg to Moshannon Detention Facility in Philipsburg, Pennsylvania, and on May 27, 2026, he was again transferred to the Jackson Parish Correctional Center in Jonesboro, Louisiana. (Doc. 11, at 2). Aviles provides that he is currently being staged for imminent removal. (Doc. 11, at 2). Aviles seeks to appeal the Court's May 22, 2026 order and seeks an emergency stay of removal with the Third Circuit Court of Appeals; however, Aviles fears that removal may occur before he has the opportunity to file for such appellate relief. (Doc. 11, at 2).

District courts have jurisdiction to grant habeas relief when the court has personal jurisdiction over the petitioner's immediate custodian. 28 U.S.C. § 2241(a); *Braden v. 30th Jud. Cir. Ct. Ky.*, 410 U.S. 484, 495 (1973); *Khalil v. President, United States*, 164 F.4th 259, 268 (3d Cir. 2026). When a petitioner is transferred to another jurisdiction, the court that "would have been able to exercise jurisdiction on the date the petition was filed" retains jurisdiction over the habeas action. *Khalil*, 164 F.4th at 268-69 (quoting *Martinez-Nieto v. Att'y Gen.*, 805 F. App'x 131, 135 (3d Cir. 2020)) (citing *Khalil v. Joyce*, 777 F. Supp. 3d 369, 392 (D.N.J. 2025)). "[A] habeas court with jurisdiction does not lose it because the detainee has been moved out of the district." *Khalil*, 777 F. Supp. 3d at 386; *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004); *Ex parte Endo*, 323 U.S. 283, 284-85 (1944). Accordingly, the government's transfer of Aviles to the Western District of Louisiana does not divest the Court of personal jurisdiction. *See Khalil*, 164 F.4th at 271.

A petitioner may seek to preserve the status quo pending the resolution of a motion for relief from removal by requesting from the appropriate authority extension of a previously granted stay of removal. *See Valadez-Salas v. Immigr. and Naturalization Servs.*, 721 F.2d 251, 252 (8th Cir. 1983). Preserving the status quo to enable later review by an appellate court "is a hallmark reason . . . to grant emergency interim relief." *Castro v. Guevara*, 146 S. Ct. 1066, 1068 (Sotomayor, S. concurring). Courts in the Third Circuit have ordered temporary stays from transfer and/or removal to preserve the status quo and ensure the adjudication of an immigration detainee's claims. *See, e.g.*, *T.A. v. Sage*, No. 3:26-cv-309, 2026 WL 448807, at *1 (M.D. Pa. Feb. 17, 2026); *Tacza v. Oddo*, No. 3:25-CV-246, 2025 WL 2317744, at *1 (W.D. Pa. Aug. 12, 2025).

- 3 -

To preserve the status quo and provide sufficient time for Aviles to exercise his legal right to an appeal, **RESPONDENTS SHALL NOT TRANSFER AVILES FOR TEN DAYS**. *See Valadez-Salas*, 721 F.2d at 252; *see Castro*, 146 S. Ct. at 1068. This temporary stay shall remain in effect solely to allow Aviles the opportunity to file an appeal with the Third Circuit. Should Respondents wish to file a response to Aviles's emergency motion, the Court will consider such a response during the pendency of the ten-day stay.

BY THE COURT:

*s/ Karoline Mehalchick*

**KAROLINE MEHALCHICK**
**United States District Judge**